IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES PRESTON SMITH,**

                **Petitioner,**

     v.                                CASE NO. 06-3083-RDR

**UNITED STATES, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a pleading styled as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis.

**Background**

Petitioner was convicted pursuant to a guilty plea in the United States Court for the Southern District of West Virginia for possession of a firearm by a felon. The conviction was affirmed on appeal. U.S. v. Smith, 18 Fed. Appx. 201 (4th Cir. 2001), cert. denied, 534 U.S. 1165 (2002).

In this action, petitioner broadly asserts "despotic action of the totalitarian "federal" government from [his] 'arrest' through [his] 'show trial'" to the present. (Doc. 1, p. 1.) He

asserts, without elaboration, that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his confinement, and he challenges "all aspects of 'gun control' from arrest till now" (id., p. 5).

## Discussion

An action filed under 28 U.S.C. § 2241 challenges the execution of a sentence rather than its validity and should be filed in the district where the prisoner is confined. In contract, a motion filed under 28 U.S.C. § 2255 challenges the legality of the prisoner's detention, and should be filed in the district where the conviction occurred. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166. Accordingly, that remedy may be used to challenge the validity of a conviction only if the petitioner shows that § 2255 is "inadequate or ineffective" to present such a challenge. § 2241. Id. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id. (quotation omitted).

Petitioner challenges the validity of his conviction for unlawful possession of a firearm, a claim squarely within the remedy of § 2255. The court finds the petitioner's bare

assertion that the remedy under § 2255 is inadequate or ineffective is not a sufficient basis to allow him to proceed pursuant to § 2241 and concludes this matter must be dismissed for lack of jurisdiction.

To the extent petitioner's filing styled as supplemental evidence (Doc. 3) may be construed as a motion for a change of venue to the court of his conviction, the court denies that request. The court transferred a previous habeas corpus action filed by the petitioner to the sentencing court in August 2005. The court takes note that matter was dismissed as time-barred.[1]

IT IS THEREFORE ORDERED this matter is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 6th day of April, 2006, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1] Smith v. United States, 06-00633 (D.W.Va.)

3